# Commonwealth *v.* Provident Trust Co., Appellant.

*Taxation—Emergency profits tax—Trust companies—Statutes—Repeal—Presumption—Acts in pari materia—Acts of June 13, 1907, P. L. 640; June 28, 1923, P. L. 876, and July 11, 1923, P. L. 1071.*

1. A reënacting statute, which makes no changes in its substantive law, should be construed as continuing the law as it existed before its passage, unless the legislative intent is mani-

festly to the contrary through irreconcilable inconsistency with, or a particular reference made to, an intermediate statute.

2. A later law which is merely a reënactment of a former, does not repeal an intermediate act which qualifies and limits the first one, but such intermediate act will be deemed to remain in force, and to qualify or modify the new act in the same manner as it did the first.

3. The Act of July 11, 1923, P. L. 1071, which merely reënacted in all essential respects the Act of June 13, 1907, P. L. 640, which provided for the taxation of trust companies and exempted them from other taxation than that fixed by the act, did not relieve trust companies from the emergency profits tax imposed by the Act of June 28, 1923, P. L. 876, on all corporations except certain named, not including trust companies.

4. Repeals by implication are not favored, and before it is so held, the repugnance between the two acts must be total.

5. Notwithstanding the fact that a subsequent statute, may, strictly speaking, be opposed to a prior one, if the legislature intends otherwise, it will not be repealed.

6. The intent of the legislature must be taken from all the circumstances in connection with the acts under consideration.

7. If the legislature intended to exempt trust companies from the emergency profits tax, it should have used the definite language it employed in exempting other corporations especially named in the act.

8. The presumption that the legislature did not intend to repeal the Act of June 28, 1923, P. L. 876, by the Act of July 11, 1923, P. L. 1071, is strengthened by the fact that both acts were under consideration by the legislature at the same time.

9. The two acts being in pari materia and referring to the same subject and covering the provisions of earlier legislation concerning revenue which they proposed to supply, should be considered as one enactment.

Argued May 25, 1926. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 25, May T., 1926, by defendant, from judgment of C. P. Dauphin Co., Commonwealth Docket 1925, No. 99, for Commonwealth, on appeal from tax settlement, in case of Commonwealth v. Provident Trust Company of Philadelphia. Affirmed.

Appeal from tax settlement.   Before HARGEST, P. J.
The opinion of the Supreme Court states the facts.
Judgment for Commonwealth.   Defendant appealed.

*Error assigned* was, inter alia, judgment, quoting
record.

*G. R. Hull,* of *Snyder, Miller & Hull,* with him *Morgan, Lewis & Bockius,* for appellant.—The Act of July
11, 1923, P. L. 1071, is inconsistent with and repugnant
to the Act of June 28, 1923, P. L. 876, in so far as the
latter relates to trust companies.   They can not be reconciled: Com. v. Pottsville, 246 Pa. 468; Provident L. &
T. Co. v. Klemmer, 257 Pa. 91; Bourguignon B. Assn. v.
Com., 98 Pa. 54.

That the inconsistent portion of the Act of July 11,
1923, P. L. 1071, was a reënactment of a prior exemption, does not prevent it from operating as a repeal of
the Act of June 28, 1923, P. L. 876, so far as the latter
relates to trust companies: Com. v. Taylor, 159 Pa. 451;
Wight v. Hovey, 17 Pa. Dist. R. 1019.

All the provisions of the prior law amended which
continue in force after the passage of the amendatory
act derive their force thereafter not from the original
but the amendatory act, and as to the future the old act
or section is repealed in toto.

When, after the passage of an intervening act, another is passed which expressly amends the first, and in
so doing reënacts that portion of the first act which was
repealed, the effect is to repeal so much of the intervening act as is inconsistent with the reënacted portion of
the original: Spees v. Boggs, 204 Pa. 504.

So far as we have been able to discover, the particular problem presented in the present case has arisen and
been decided by our courts in three cases only; and in
each of these the decision has been in favor of the contentions which appellant urges here: Com. ex rel. v.
Taylor, 159 Pa. 451; Wight v. Hovey, 17 Pa. Dist. R.

1019; Great N. Moulding Co. v. Phila. P. Frame & M. Co., 37 Pa. C. C. R. 210.

*John Robert Jones*, Special Attorney for Commonwealth, with him *George W. Woodruff*, Attorney General, for appellee.—A statute which reënacts the exact provisions contained in an earlier statute does not repeal by implication an intermediate statute enacted at the same session of the legislature: Com. v. Union Trust Co., 237 Pa. 353.

Repeals by implication are not favored: Com. v. De-Camp, 177 Pa. 112; Provident L. & T. Co. v. Klemmer, 257 Pa. 91; Com. v. Crowl, 245 Pa. 554; Keller v. Staley, 78 Pa. Superior Ct. 184.

The legislative intent is the vital force of a statute and the paramount consideration, and even if a subsequent statute, taken strictly and grammatically is a contrariant to a previous statute, yet if, at the same time, the intention of the legislature is apparent that the previous statute shall not be repealed, it remains unaffected by the subsequent one: Provident Life & Trust Co. v. Klemmer, 257 Pa. 91, 101; Duffy v. Cooke, 239 Pa. 427, 432, 433; Searight's Est., 163 Pa. 210, 217; Keller v. Staley, 78 Pa. Superior Ct. 184, 189; Big Black Imp. Co. v. Com., 94 Pa. 450, 455.

The presumption against the intention to repeal is strengthened by the fact that both acts were under consideration by the legislature at the same time: Mansel v. Nicely, 175 Pa. 367; Duffy v. Cooke, 239 Pa. 427, 433; Provident Life & Trust Co. v. Klemmer, 257 Pa. 91, 103.

Where a statute merely reënacts the provisions of an earlier one with slight changes, it is to be read as part of the earlier statute and not as the reënacting one and does not repeal an intermediate act which qualifies or limits the first one: Toner's Est., 260 Pa. 49; Harvey v. Hazleton, 81 Pa. Superior Ct. 1; Haspel v. O'Brien, 218 Pa. 146.

OPINION BY MR. JUSTICE KEPHART, June 26, 1926:

Prior to the Act of June 13, 1907, P. L. 640, trust companies were subject to most of the taxes imposed against corporations. These companies were therefore at a disadvantage in competing with other banking institutions; under the Act of 1907 they were placed in a separate class for taxation purposes: Com. v. Mortgage Trust Company, 227 Pa. 163, 175. The act provided that such companies should, on or before June 20th, of every year, make a report to the auditor general of the "full number of shares of the capital stock subscribed for or issued by such company and the actual value thereof," ascertained as provided in the act. The auditor general was then required to assess such shares for taxation at the rate and in the manner there specified, and the tax was required to be paid to the state treasurer "within a period of forty days after the date of such settlement." Those companies settling their accounts as required by the act were exempted from further taxes by the following provision: "Shares and so much of the capital stock, surplus, profits, and deposits of such company as shall not be invested in real estate shall be exempt from all other taxation under the laws of this Commonwealth." This act was considered in Com. v. Union Trust Company, 237 Pa. 353, 356, and we need not discuss it further.

On June 28, 1923, P. L. 876, the legislature passed the Emergency Profits Tax Act. The levy there made was to be in addition to all taxes then imposed, and to which each and every corporation in the Commonwealth was to be subject, except building and loan associations, and those associations which were required to pay a tax on their gross premiums under the provision of section 24 of the Act of June 1, 1889, P. L. 420. Trust companies were liable for the tax.

This statute was followed by the Act of July 11, 1923, P. L. 1071. It reënacted in terms the provisions of the Act of 1907, relating to trust companies, and, except in

certain administrative details, was exactly like its predecessor. As stated by the court below, the only substantial change was that the calendar year was substituted for the fiscal year; the report was to be made the last day of February instead of June 20th; sixty days instead of forty were given to make payment; and the secretary, instead of the cashier, was named as one of the officers to make the report. The language of the exemption clause in this act was the same as that of the Act of 1907, quoted above.

Appellant seeks to escape payment of the emergency profits tax because, it asserts, the exemption in the later act relieved trust companies paying the tax on their shares within sixty days after settlement. It contends that the original Act of 1907 was repealed in part by the inconsistent provisions of the Emergency Profits Tax Act of June 28, 1923, and the Act of July 11, 1923, in amending the Act of 1907, reënacted the provision repealed by the Act of June 28, 1923.

It is the contention of the Commonwealth that the portion of the original act which is repealed and reënacted in the amending Act of July 11, 1923, is to be construed as part of the original act, provided the exemption in the Act of 1907 operates continuously from the date of the original act. That is the effect of this legislation. The Act of 1907 provided for an exemption "from all other taxation" under the laws then in force. The Emergency Profits Tax Act did not disturb that exemption. It in no way dealt with subjects of taxation theretofore and thereafter existing, from which this appellant company was exempt. What was done was to create a new and independent tax different in kind and quality from any that had been theretofore imposed. The Act of 1907 and the Act of July 11, 1923, regulated the taxing of shares of stock, while the Act of June 28, 1923, dealt with a tax on net income. Therefore, as to the class of taxes on which the Act of 1907 operated, this appellant continued to be relieved from its payment

under the Act of June 28, 1923. The exemption is thus seen to be continuous. That a reënacting statute which makes no changes in its substantive law should be construed as continuing the law as it existed before its passage, unless the legislative intent is manifestly to the contrary through irreconcilable inconsistencies with, or a particular reference there made to, an intermediate statute, seems to be the rule deduced from the cases.

"It is established that 'where a statute merely reënacts the provisions of an earlier one, it is to be read as part of the earlier statute, and not of the reënacting one, if it is in conflict with another passed after the first but before the last act; and therefore it does not repeal by implication the intermediate one' (Endlich on the Interpretation of Statutes, section 194); or, as expressed in 36 Cyc. 1084, 'Nor does a later law, which is merely a reënactment of a former, repeal an intermediate act which qualifies and limits the first one, but such intermediate act will be deemed to remain in force, and to qualify or modify the new act in the same manner as it did the first;' see also Lewis's Sutherland on Statutory Construction, section 273, and Searight's Est., Stuart's App., 163 Pa. 210, 216-18": Toner's Est., 260 Pa. 49, 57. The principle is stated in Harvey v. City of Hazleton, 81 Pa. Superior Ct. 1, 5, 6; St. Louis v. Alexander, 23 Mo. 483. The Act of July 11, 1923, must therefore be considered as written into the original act, leaving unaffected the Act of June 28, 1923.

Repeals by implication are not favored, and, before it is so held, the repugnance between the two acts must be total. To ascertain this, we must determine the purpose of the act and the intent of the legislature. This intent is the controlling factor in determining all such questions, and, notwithstanding the fact that a subsequent statute may, strictly speaking, be opposed to a prior one, still, if the legislature intends otherwise, it will not be repealed. Provident Life & Trust Co. v. Klemmer, 257 Pa. 91. It is well known that the legislature was ad-

vised by the administrative officers that the Commonwealth, in its disbursements, was exceeding its revenue. To reëstablish the proper balance, the Emergency Profits Tax Act was passed, affecting all corporations of the Commonwealth alike, except those very few specifically named. It and the reënacting statute relied on by appellant were passed at the same session of the legislature.

The intent of the legislature must be taken from all the circumstances in connection with the acts under consideration. The subject of revenue was before them. It knew the state of the law and the condition of the treasury. It is hardly possible that this body, laboring under the belief that it was confronted with a governmental emergency, knowing that a certain sum of money must be raised to carry on the functions of government, would, after enacting the necessary revenue measure, immediately relieve in the manner here contended these companies from paying such tax, thus losing a large part of the necessary revenue. If the legislature intended such a result, it should have used the definite, precise and unmistakable language it employed when it exempted other concerns in the Emergency Tax Act. It there embodied its deliberate judgment as to what companies should be exempt by naming them. That this was not done under the July Act is persuasive of the fact that it was not intended these companies should escape liability. The whole scheme and purpose was to treat all corporations alike except those which for some special reason were required to pay more taxes than they should, or where their revenues were not of a nature that they could rightfully be termed income. Here, if anywhere, the rule should apply that "statutes are to be construed so as may best effectuate the intention of the makers, which sometimes may be collected from the cause or occasion of passing the statute, and, when discovered, it ought to be followed with judgment and discretion in the construction, though that construction may seem contrary to the letter of the statute": Big Black Creek Improve-

ment Co. v. Com., 94 Pa. 450, 455; Duffy v. Cooke, 239 Pa. 427, 432. "The presumption against the intention to repeal is strengthened by the fact that both acts were under consideration by the legislature at the same time": Mansel v. Nicely, 175 Pa. 367, 376-7; Com. v. Crowl, 245 Pa. 554, 559; Duffy v. Cooke, supra, 433; Provident Life and Trust Co. v. Klemmer, supra. Without a more specific reference to the act passed in June, that of July was not intended to repeal it. These acts, which are in pari materia, referring to the same subject and covering the provisions of earlier legislation concerning revenue which they proposed to supply, may be construed together as forming a united system on the subject of revenues, as they relate to these companies, unless irreconcilably inconsistent: Duffy v. Cooke, supra. The scope and aim of both are the same, and they should be considered as constituting one enactment. Com. v. Taylor, 159 Pa. 451, is not in point. There the inconsistency was manifest; here we find none. The other cases relied on by appellant, while persuasive, do not control.

The judgment of the court below is affirmed, at the cost of appellant.