## Gilbert *v.* Lebanon Valley Street Railway, Appellant.

Argued April 14, 1930. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Harold J. Ryan,* with him *Howard V. Fisher* and *Newell Duvall,* for appellant.—Defendant corporation was not present nor doing business in the county at the time of the commencement of this suit so as to be amenable to the process of its courts.

Under the decisions of Pennsylvania, the Court of Common Pleas of Berks County has no jurisdiction of this suit, nor of defendant company: Park Bros. v. Boiler Works, 204 Pa. 453; Lobb v. Cement Co., 285 Pa. 45; Gengenbach v. Park Co., 280 Pa. 278; Bailey v. R. R., 174 Pa. 114.

The legal domicile of Lebanon Valley Street Railway Co. is in Lebanon County and this suit should have been brought there: Park Bros. v. Boiler Works, 204 Pa. 453.

Defendant contends that the Act of 1847 is impliedly repealed by the Act of April 11, 1862, P. L. 449, and the Act of May 10, 1923, P. L. 197, section 1, since it clearly appears that both of the subsequent acts deal with the same subject-matter as the Act of 1847 but contain different provisions with respect thereto.

*Thomas I. Snyder,* of *Zieber & Snyder,* with him *Geo. B. Balmer,* for appellee.—The principal and in fact only place of business and office of appellant corporation within the State was in the City of Reading, Berks County, and the Court of Common Pleas of said Berks County accordingly had jurisdiction.

If the address, 12 South Fifth Street, Reading, Pa., is not deemed appellant corporation's principal office, then its only office for the transaction of business is in New York City, outside of this State, and suit against it can be maintained in Berks County where its treasurer resides, under the provisions of the Act of March 15, 1847, P. L. 361.

"Repeal of statutes by implication is not favored, and, unless a statute is repealed in express terms, the presumption is always against an intention to repeal": Carpenter v. Hutchison, 243 Pa. 260.

OPINION BY MR. JUSTICE WALLING, May 12, 1930:

The Lebanon Valley Street Railway Company, defendant, was chartered as a Pennsylvania electric street railway, which owned and operated a street car line in Lebanon County. In July, 1899, it put out an issue of first mortgage bonds, due in July, 1929, of which the plaintiff, Maude R. Gilbert, of Philadelphia, became the owner of six, of the par value of $1,000 each. Prior to their maturity the defendant company leased its entire line to the Reading Transit Company and retired from active business. It, however, kept up its organization and continued to hold annual stockholders' meetings, the last of which was held in September, 1929, at 61 Broadway, New York City, where it has an office. At that time a board of directors was elected, also a president and secretary residing in New York, and a treasurer, J. H. Bucher, being a director, and resident of Reading, Berks County, Pennsylvania.

Defendant, having defaulted in payment of plaintiff's bonds, she brought this suit thereon in Berks County and the summons was served on Bucher, as treasurer and director of defendant. Pursuant to the Act of March 5, 1925, P. L. 23, the latter petitioned the court to set aside the service, averring, inter alia, that the defendant had neither office, place of business, nor property in Berks County and was not engaged in business therein. An

answer was filed and testimony taken. It appeared and the trial court found that the defendant's property in Lebanon County consisted of its railroad track, with no office or place of business therein and that its only place of business in Pennsylvania is in the City of Reading. The court also found, "It is there [in Reading] that the stock certificate book and many old records [of the defendant] are kept, and it is the given address of the company in the registry certificate filed in the department of revenue." The defendant's secretary, in filing the required certificate at Harrisburg gave 12 South Fifth Street, Reading, as its address. This was the office of the Reading Transit Company. The defendant's stock book and other documents, above mentioned, were also kept in a vault at Reading. This together with the fact that defendant's treasurer and sole Pennsylvania officer resided in that city justified the lower court's finding that it was the only place of business defendant had in this State, and that the summons was properly served on the officer there.

The only error assigned is the discharge of the rule to set aside the service, hence, we must accept the facts as found by the trial court. We are familiar with the rule that a corporation can be sued only where it has its legal domicile or where it transacts a substantial part of its business. Leading cases to that effect are: Gengenbach v. Willow Grove Park Co., 280 Pa. 278; Eline v. Western Maryland Ry. Co., 253 Pa. 204; Park Bros. & Co. v. Oil City B. W., 204 Pa. 453; Bailey v. Williamsport, etc., 174 Pa. 114.

The right of service of process on domestic corporations has been somewhat enlarged by various statutes. The one particularly applicable here is section 2 of the Act of March 15, 1847, P. L. 361, Purdon's Digest, volume 1, page 820, which provides, inter alia, "That, in all cases where any company has been incorporated by this Commonwealth, and the principal office for the transaction of business thereof shall be located out of

this State, or where the president, treasurer, cashier or other principal officer of such company shall reside out of this State, it shall be lawful to sue such company in any county of this State where the works of such company shall be located, or adjoining thereto, or where any director, manager or other officer of such company shall reside"; with a provision for the service of process on such officer. Under this statute, even sustaining defendant's contention that its office is in New York and that it has none in Berks County, the service was properly made on its director and treasurer there residing.

Construing the act as a whole, what the words "has been incorporated by this Commonwealth" mean is, has been incorporated when the action is brought, and are not limited to corporations existing when the statute was enacted.

We are not impressed with the contention that the Act of 1847 has been impliedly repealed by subsequent statutes. Implied repeals are never favored. To justify the court in holding that one repeals the other there must be a clear repugnancy between them: Carpenter v. Hutchinson, 243 Pa. 260. The Act of April 11, 1862, P. L. 449, Purdon's Digest, 13th ed., volume 1, page 821, cited as effecting such repeal, cannot have that effect, for it merely provides for service by publication where the principal office of a domestic corporation is located out of the State "and where none of the officers upon whom process can be served, under the existing laws of the Commonwealth reside in the State." Whereas, in the instant case, an officer did reside in the State upon whom process could be served under the existing Act of 1847. The only other statute cited on the question of implied repeal is the Act of May 10, 1923, P. L. 197, section 1 of which provides that, where a domestic corporation has ceased to do business or maintain an office in this State, service may be had upon the officer who signed the last annual report to the auditor general and, if not found, then upon the secretary of the Com-

monwealth, who shall mail the same to the last known address of the corporation. Section 2 provides that such service shall be as effective as if served in the manner provided by existing laws. This merely provides an additional manner of service under certain conditions and is not inconsistent with that provided by the Act of 1847. In place of repealing existing laws it expressly recognizes them.

The order is affirmed.