## Shivo et al. v. Farmers' American Mutual Fire Insurance Company

*David Justin Dean* and *E. Louis Cooper*, for plaintiffs.
*George Ross*, for defendant.

SMITH, P. J., October 12, 1933.—In this case two petitions were filed by the defendant, one for a rule to show cause why the writ of assumpsit should not be abated under the provisions of the Act of March 5, 1925, P. L. 23, and the other for leave to withdraw appearance by counsel on behalf of the defendant. The petition filed by the defendant sets forth that the plaintiffs and the defendant are residents of the County of Bucks in the Commonwealth of Pennsylvania; that this action was started in the County of Philadelphia; that service of the writ in the above suit was made by the sheriff of Bucks County after being deputized to do so by the sheriff of Philadelphia County; that upon receipt of the copy of the said writ served upon the above defendant, George Ross, Esq., attorney for the defendant insurance company, reading the Act of April 27, 1927, P. L. 398, came to the conclusion that the service was legal, and for that reason entered his appearance generally for the defendant; that after making a more careful examination of the Act of 1927 aforesaid he determined that the service was not legal, and therefore now prays the court for leave to withdraw said general appearance.

To this petition no answer was filed denying any of the averments of fact contained in the petition. All questions are directly before the court as to whether or not the service of the writ in the above suit was proper and whether or not, if it were not, a general appearance would cure the defect in service.

An examination of the Act of April 27, 1927, P. L. 398, shows the title to be as follows:

"An act to amend subsections fourth and fifth of section one of the act, approved the ninth day of July, one thousand nine hundred and one (Pamphlet Laws, six hundred and fourteen), entitled 'An act relating to the service of certain process in actions at law, and the effect thereof, and providing who shall be made parties to certain writs,' by permitting issuance of writs against foreign insurance companies, or other foreign corporations, out of any county of the Commonwealth of Pennsylvania, by a citizen or corporation of Pennsylvania, without regard to the place in which the insurance was effected, residence of the insured person at time of his death, the location of the insured property or the county in which the cause of action arose."

A reading of this title would give one the impression that the purpose of the act is to apply solely to foreign corporations, notwithstanding the fact that section 4 of the act provides for the service of domestic corporations by the sheriff of another county. It therefore becomes apparent that the title of the Act of April 27, 1927, as drafted, limits the issuance of the writs to matters concerning foreign corporations. In considering the proposition as to whether or not the original Act of July 9, 1901, P. L. 614, would apply to a service of this kind, the following provisions will be noted:

"That in such event the court shall abate the writ if it shall be made to appear, at any time before verdict or judgment by default, that the insurance was not effected in, nor was the insured person residing at the time of his death in, nor was the insured property at the time of loss located in, the county in which the writ was issued."

The averment in the petition is to the effect that both the plaintiff and defendant in this case resided in the County of Bucks and not the County of Philadelphia. Therefore, from a reading of the Act of 1927 and the Act of 1901, the service upon the defendant in this case was not a proper one.

The next question to be determined is whether or not the general appearance entered by the attorney for the defendant cures this defect. Generally that is so, but there are cases on our books to the effect that if there is a defect in service it is within the discretion of the court to determine whether or not the general appearance is binding upon the defendant. The defendant here raises the question of the jurisdiction of this court over the person of the defendant and the jurisdiction of the subject-matter. In the case of Mundell v. United Fruit Co., C. P. No. 5, September Term, 1929, No. 3398, the same procedure was followed, and this court dismissed the suit of the plaintiff. In Jones v. Orum, 5 Rawle 248, 255, Sergeant, J., said:

"But this appearance, though general in the first instance, was amended by the court below, and stands now on the record before us, under that amendment as a special appearance for S. Jones only, as of the date of the original appearance. This the court below, in their legal discretion, had power to do, and we must take it as it stands in the record, presuming they had good reasons for what they did. . . .

"If an attorney has erroneously appeared for a party, I know no reason why the mistake may not be corrected, provided it be done in due time, before any step taken in pursuance of it, and without occasioning loss or prejudice to the other party."

In the case of Wm. Penn B. & L. Ass'n v. Mayer, 45 L. I. 346, Judge Swartz, of the Montgomery County Court, stated that a general appearance does not waive the question of jurisdiction unless it is in the nature of an estoppel.

The defendant here is a corporation of the Commonwealth of Pennsylvania, having its legal domicile in the County of Bucks. Under the common law, a corporation could be sued only where it had its legal domicile or, under the exten-

sion of that rule by the courts of Pennsylvania, where it transacted a substantial portion of its business: Gilbert v. Lebanon Valley St. Ry., 300 Pa. 384.

The service here was made by the sheriff of Bucks County on the secretary of the defendant at Springtown, Bucks County. This court has no jurisdiction in this case, and the general appearance by the attorney for the defendant does not cure that defect.

### Decree

And now, to wit, October 12, 1933, the rule to withdraw the appearance of the attorney for the defendant is made absolute; and the petition under the Act of March 5, 1925, raising question of jurisdiction over defendant and the cause of action is granted.