## McDowell's Estate.

## Mathieu's Estate.

Argued May 6, 1940. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, BARNES and PATTERSON, JJ.

*M. Louise Rutherford,* Deputy Attorney General, with her *David Wachtel, Julius H. Tolson,* Special Deputy Attorney General, and *Claude T. Reno,* Attorney General, for appellant.

*Michael C. McManus,* with him *M. T. McManus,* for appellee.

*M. Louise Rutherford,* Deputy Attorney General, with her *David Wachtel, Julius H. Tolson,* Special Deputy Attorney General, and *Claude T. Reno,* Attorney General, for appellant.

*Frank B. Warfel,* for appellee.

480

Per Curiam, May 20, 1940:

These two appeals, one from the Orphans' Court of Philadelphia County and the other from the Orphans' Court of Blair County, raise the same question and were argued together. The decedents died insolvent. The Commonwealth presented claims to recover the amounts of public assistance furnished decedents, in one case $339.00 and in the other, $175.00.

Section 15 of the Old Age Assistance Law, Act of June 25, 1936, First Special Session, P. L. 28, made the estate of a beneficiary liable for repayment of assistance; it provided, inter alia, that "Claims for assistance furnished shall have the same force and effect against the real and personal property of a deceased beneficiary, as other debts of a decedent, and shall be recoverable in the same manner. . . ." Section 4 of the Support Law, Act of June 24, 1937, P. L. 2045, 62 PS section 1974, superseding the Old Age Assistance Law, contains a provision to the same effect, except that it applies only to real estate, a matter of no consequence on this record.

The learned courts from which the appeals come, applied section 13a of the Fiduciaries Act of June 7, 1917, P. L. 447, 20 PS section 501, which specifies the order in which a decedent's debts shall be paid and which excepts "debts due to the Commonwealth, which shall be last paid."

Counsel for the Commonwealth contends that the Old Age Assistance Law and the Support Law by implication repeal the exception contained in the Fiduciaries Act; the decisive principle was fully considered in Ferguson's Estate, 325 Pa. 34, 189 A. 289, and requires the rejection of the contention. For the reasons there stated we conclude that the legislature did not intend to change the long continued policy of the law of Pennsylvania and except therefrom the recovery of payments made under the Support Laws.

In each case the decree is affirmed, costs to be paid out of the respective funds for distribution.