## Newton Estate.

Argued March 25, 1946. Before Maxey, C. J., Drew, Linn, Stern, Patterson, Stearne and Jones, JJ.

*Marjorie Hanson Matson,* Assistant County Solicitor, with her *Nathaniel K. Beck,* County Solicitor, for appellant.

*Ruth Forsht,* Special Deputy Attorney General, with her *James H. Duff,* Attorney General, for appellee.

Opinion by Mr. Justice Allen M. Stearne, May 27, 1946:

After the payment of preferred creditors, $1,117.24 remained as a balance for distribution among general creditors in the insolvent estate of deceased intestate. The Allegheny County Institution District presented a claim of $7,820.94 and the Commonwealth a claim of

$4,310.16. Both claims were for the maintenance of decedent at the Woodville State Hospital, a mental hospital, from 1911 to the date of her death on February 24, 1944.

The Orphans' Court distributed the fund to the two claimants pro rata under Section 8 of the Act of September 29, 1938, Spec. Sess., P. L. 53, as reenacted and amended by the Act of May 19, 1943, P. L. 262, 50 PS section 1058(b). From this decree the Institution District appeals, asserting it is entitled to the whole fund in preference to the Commonwealth because section 13(a) of the Fiduciaries Act of 1917, P. L. 447, 20 PS section 501 provides: "debts due to the Commonwealth . . . shall be last paid."

As amended, the Act of 1938, supra, provides: "That where there is a claim against the estate of any such mental patient both on behalf of the Commonwealth and on behalf of any county, city, ward, borough, township, institution district or other political subdivision and there is not sufficient in the estate to pay the claim in full, the same shall be paid pro rata to the Commonwealth and the county, city, ward, borough, township, institution district or other political subdivision in the proportion of the amount of maintenance legally recoverable by each."

The narrow question presented here is whether the above quoted section of the 1938 Act is a partial repealer of Section 13(a) of the Fiduciaries Act.

It is true that no express repeal of the Fiduciaries Act is contained in the 1938 Act or its amendment. However, Section 9 of the latter Act reenacted without change in the Act of 1943, provides: "The following acts and parts of acts are hereby repealed." Following this are express repeals of two former mental health acts, and then the clause: "All other acts and parts of acts inconsistent with the provisions of this act are hereby repealed."

A statute may be repealed by the legislature either expressly or by implication. "An implied repeal is one

which takes place when a new law contains provisions which are contrary to, but do not expressly repeal, those of a former law": *Kingston Borough v. Kalanosky et al.*, 155 Pa. Superior Ct. 424, 427, 38 A. 2d 393. It is a question of legislative intent, but since repeals by implication are not favored in law, the intent must be clear: *Commonwealth v. Provident Trust Co.*, 287 Pa. 251, 134 A. 377; *Commonwealth v. Meyers*, 290 Pa. 573, 139 A. 374; *Gilbert v. Lebanon Valley St. Ry.*, 300 Pa. 384, 150 A. 638; *Commonwealth Trust Co. v. Allegheny Cemetery*, 324 Pa. 78, 187 A. 506. Yet "an intent to repeal inconsistent provisions of an earlier act may be inferred from the fact that provisions of the two acts are so repugnant and irreconcilable as to render it impossible for both to stand . . .": *Commonwealth ex rel. v. Matthews et al.*, 303 Pa. 163, 171, 154 A. 359. Compare: *Ferguson's Estate*, 325 Pa. 34, 189 A. 289, and *McDowell's Estate*, 338 Pa. 478, 13 A. 2d 410.

In *Metcalf's Estate*, 319 Pa. 28, 179 A. 587, a statutory provision very similar to the Act of 1938 here involved was held to be totally inconsistent and irreconcilable with Section 13 (a) of the Fiduciaries Act which was passed subsequently, and therefore impliedly repealed by the latter act. See also *O'Connor's Estate*, 20 D. & C. 547. The identical conflict appears here. There is an implied partial repeal of the Fiduciaries Act by Section 9 of the 1938 Act.

Appellant admits the inconsistency, but argues that the legislature could not have intended to change the rules of payment of debts established in this Commonwealth since the Act of 1794, 3 Sm. L. 143, and cites *Ferguson's Estate*, supra, in support of its argument. But in that case, as is clearly shown in the opinion, the inconsistency was not manifest. And while the legislature must have been aware of the long tradition of law, it is equally reasonable to assume that it was aware of the effect of the decision in *Metcalf's Estate*, supra.

The appeal is dismissed and the decree of the court below is affirmed. Costs to be paid from the fund.