## Doroltz Estate

*Frank Reich*, for accountant.
*John P. Hester*, for exceptant.

Cox, J., for the court in banc, March 23, 1948.—At the audit of this estate claims were presented by Mrs. Flora Buzella, a general creditor, in the amount of $482.50, the Allegheny County Institution District in the amount of $303.57, and by the Commonwealth of Pennsylvania in the amounts of $121.14 and $2,553.02. The claims of the institution district and the Commonwealth arose from their maintenance of decedent, a mentally ill indigent, in their respective mental hospitals operated by claimants. All the claims were admitted.

The decree of the auditing judge distributed the balance of the estate, in the amount of $500.34, remaining after the payment of administration expenses and preferred debts, to the three claimants pro rata. Mrs. Flora Buzella has filed exceptions to this decree. She contends that her claim should be paid in full, and that any balance remaining thereafter should be distributed pro rata to the Allegheny County Institutional District and the Commonwealth of Pennsylvania.

The decree of the auditing judge holds, in effect, that the Act of September 29, 1938, P. L. (Spec. Sess.) 53, as reënacted and amended by the Acts of May 19, 1943, P. L. 262, and May 25, 1945, P. L. 1074, partially repeals section 13(a)3 of the Fiduciaries Act of June 7, 1917, P. L. 447, by deleting therefrom the provision, "except debts due to the commonwealth, which shall be last paid", thereby placing the claim of the Commonwealth on a parity with the claims of Mrs. Flora Buzella and the Allegheny County Institution District for purposes of distribution.

Section 8(b) and section 9 of the Act of 1938, as amended, provides:

"Section 8 (b) All amounts due any county, city, ward, borough, township, institution district or other political subdivision for the care of any mental patient in any institution transferred to the Commonwealth by this act that have accrued and remain unpaid on

the date that the Commonwealth shall take over the operation and management of such institution or the date such institution is closed may be collected by the county, city, ward, borough, township, institution district or other political subdivision in the same manner as if the control and management of the institution were still vested in such county, city, ward, borough, township, institution district or other political subdivision: Provided, however, That where there is a claim against the estate of any such mental patient both on behalf of the Commonwealth and on behalf of any county, city, ward, borough, township, institution district or other political subdivision and there is not sufficient in the estate to pay the claim in full, the same shall be paid pro rata to the Commonwealth and the county, city, ward, borough, township, institution district or other political subdivision in the proportion of the amount of maintenance legally recoverable by each.

"Section 9. The following acts and parts of acts are hereby repealed:

"The act, approved the twenty-fifth day of May, one thousand eight hundred ninety-seven (Pamphlet Laws, eighty-three), entitled 'An act to provide for the maintenance, care and treatment of the indigent insane in county and local institutions', as amended.

"The act, approved the thirteenth day of May, one thousand nine hundred nine (Pamphlet Laws, five hundred thirty-five), entitled 'An act to amend an act, entitled "An act to provide for the maintenance, care, and treatment of the indigent insane in county and local institutions", approved May twenty-five, one thousand eight hundred ninety-seven, increasing the weekly sum therein authorized to be paid from one dollar and fifty cents to two dollars'.

"All other acts and parts of acts inconsistent with the provisions of this act are hereby repealed."

Section 13(a)3 of the Fiduciaries Act of 1917 provides:

"All debts owing by any person within this State at the time of his decease, shall be paid by his executors or administrators, so far as they have assets, in the manner and order following, viz: . . . three, all other debts, without regard to the quality of the same, except debts due to the Commonwealth, which shall be last paid."

The Supreme Court construed the Act of 1938, as amended, in Newton Estate, 354 Pa. 146. In that case, the only general creditors were the Commonwealth of Pennsylvania and the Allegheny County Institution District, who had presented claims arising from maintenance of the indigent decedent as a mentally ill person in their respective mental institutions. The balance for distribution remaining after payment of preferred claims was insufficient to pay both claimants in full.

In affirming the lower court, which had dismissed exceptions to the decree of the auditing judge distributing the balance pro rata to the Commonwealth and the Allegheny County Institution District, the appellate court held that the Act of 1938, as amended, partially repealed section 13 (a) 3 of the Fiduciaries Act of 1917 insofar as the later act subordinated the claim of the Commonwealth to that of the institution district.

The facts in Newton's Estate, supra, differ from those in the present case, in that the only general creditors in the former were the Commonwealth and the institution district, while in the present case there are three general creditors, Mrs. Flora Buzella, the Commonwealth of Pennsylvania, and the Allegheny County Institution District.

Section 9 of the Act of 1938, as amended, does not expressly repeal section 13 (a) 3 of the Fiduciaries Act of 1917 in its application to the distribution to be made in this case, other than to provide that it is repealed if its provisions are inconsistent with the Act of 1938, as amended.

We must determine, therefore, if a distribution of the funds in the estate under section 13(a)3 of the Fiduciaries Act of 1917 to Flora Buzella in full payment of her claim, and the pro rata distribution of the balance remaining thereafter to the Allegheny County Institution District and the Commonwealth of Pennsylvania in partial payment of their claims, is consistent with the provisions of the Act of 1938, as amended.

"It is well settled that a statute will not repeal another by implication unless the two cannot stand together; the legislative intent must be clear": Ferguson's Estate, 325 Pa. 34, 36, citing Commonwealth v. Provident Trust Co. 287 Pa. 251, 257, 134 A. 377; Commonwealth v. Meyers, 290 Pa. 573, 139 A. 374.

The Act of 1938, as amended, was passed by the legislature to effectuate the purposes expressed in the preamble following the title and preceding the body of the act, in the following language:

"Whereas, Experience has proven that the care and maintenance of indigent mentally ill persons, mental defectives, and epileptics should be centralized in the State Government in order to insure their proper and uniform care, maintenance, custody, safety, and welfare; and

"Whereas, Complete care for such persons in institutions operated exclusively by the State Government will effect great economies for municipal subdivisions."

The provisions of the act which follow are designed to effectuate this purpose.

One of the problems arising out of the transference of the properties used by the institution districts in maintaining the mentally ill to the Commonwealth of Pennsylvania, and the closing of the institutions operated by institution districts for that purpose, which were not taken over by the Commonwealth of Pennsylvania, was the determination of the status of debts

owing to the institution district for maintenance of the mentally ill.

Section 8 (b) of the Act of 1938, as amended, in providing that debts due the institution districts for maintenance of the mentally ill were to be collected by the institution districts to whom they were owing in the same manner as they had been previously collected, imposed but one limitation; that is, the institution districts are to share pro rata with the Commonwealth of Pennsylvania in the payment of claims for maintenance of a mentally ill person in their respective mental institutions, from the former mental patient's estate when it is not sufficient to pay both.

This limitation is applicable to but one situation, in which all of the following facts must be present: (1) Decedent has been a mental patient at institutions maintained by both claimants for the purpose of care of mentally ill persons; (2) claims are presented by both the Commonwealth of Pennsylvania and the Institution District for maintenance of decedent as a mentally ill person in their respective institutions, and (3) the balance for distribution is not adequate to pay the claims of both in full.

If any one of these facts is not present, the limitation is not effective, and distribution will not be prorated. As an example, section 8 (b) of the Act of 1938, as amended, will not apply if the claim of the Commonwealth is for old age assistance and the claim of the institution district is for maintenance of decedent as a mental patient; or if the claim of the county or other political subdivision is for aid to an indigent who was not mentally ill and the claim of the Commonwealth is for maintenance of decedent as a mentally ill person. It is significant that this act does not provide that claims of the Commonwealth of Pennsylvania shall prorate with those of general creditors, when it has presented a claim against the estate of an indigent person whom it had maintained as a mentally ill person

and the institution district does not present a claim of the same nature.

The provisions of section 13 (a) of the Fiduciaries Act of 1917 are a reënactment of the ancient law of this Commonwealth, which established the policy of the Commonwealth to subordinate the payments of its claims from decedents'. estates to the claims of all other creditors regardless of class. Although the legislature may change this policy of the Commonwealth, the antiquity of its origin and the continuity of its history as an important part of the body of the law necessitate a clear expression of such legislative intent. Any doubt, therefore, which may exist as to the intent of the legislature to repeal the provisions of section 13 (a) of the Fiduciaries Act of 1917 by section 8 (b) of the Act of 1938, as amended, must be resolved against the later act having that effect.

We not only doubt that the Act of 1938, as amended, was intended to repeal section 13 (a) of the Fiduciaries Act of 1917, insofar as the former act would change the status of the Commonwealth and Mrs. Flora Buzella in relation to priority of payment under the later act, but we are convinced that the legislature did not so intend.

The specific purpose of the Act of 1938, as amended, expressed in its title and preamble, the context of section 8 (b) thereof construed in the light of this purpose, the absence therefrom of any express repeal of section 13 (a) 3 of the Fiduciaries Act of 1917, the narrow limits within which section 8 (b) of the Act of 1938, as amended, can operate, are impressive facts which have led us to this conclusion.

Furthermore, the construction given by exceptant to section 8 (b) of the Act of 1938, as amended, and section 13 (a) 3 of the Fiduciaries Act of 1917, in relation to the status of the claims of Mrs. Flora Buzella and the Commonwealth of Pennsylvania, is, in our opinion, consistent with the provisions of both

acts. Having found that the legislature did not clearly express its intent to change the policy of the law in regard to the status of these claims, we find, therefore, that the claim of Mrs. Flora Buzella has priority of payment over the claim of the Commonwealth of Pennsylvania from the funds in this estate.

Although it is true that the Allegheny County Institution District would have been entitled to pro rata distribution with Mrs. Flora Buzella in payment of its claim, and both would have had priority over the Commonwealth of Pennsylvania prior to the passage of the Act of 1938, as amended, the provisions of that act, in our opinion, are applicable to every case in which the Commonwealth of Pennsylvania and an institution district both present claims against the estate of a decedent, for the maintenance of decedent as a mentally ill person in their respective mental institutions, and the estate of decedent is insufficient to pay both claims in full.

We believe, therefore, that the decision in Newton's Estate, supra, is applicable to this case, and that the status of the claim of the Allegheny County Institution District is identical with that of the Commonwealth of Pennsylvania, and both claims have parity for purposes of distribution.

Having determined that for purposes of distribution the claim of Mrs. Flora Buzella has priority over the claim of the Commonwealth of Pennsylvania, and that the claims of the Commonwealth of Pennsylvania and the Allegheny County Institution District have parity, we will sustain the exceptions to the decree of the auditing judge, and we will decree payment of the claim of Mrs. Flora Buzella in full from the funds available for distribution to general creditors, and the balance remaining thereafter pro rata to the Commonwealth of Pennsylvania and the Allegheny County Institution District.