Shugars's Estate.

Argued April 24, 1933. Before FRAZER, C. J., SIMP-SON, SCHAFFER, MAXEY, DREW and LINN, JJ.

*H. O. Bechtel,* with him *B. V. O'Hara,* for appellant. —The general advertisement of the register of wills of the auditing of the estate of William B. Shugars was not the actual notice required by the Acts of Assembly to be given to the plaintiffs: Gallen's Est., 26 W. N. C. 308; Rastaetter's Est., 15 Pa. Superior Ct. 549; Penn Training School v. Ins. Co., 127 Pa. 559.

The order of the court awarding the balance for distribution was not such a distribution of his said estate as would prevent the plaintiff in this case from having the same reopened: Troutman's Est., 270 Pa. 310; Sloan's Est., 254 Pa. 346; Braum's Est., 90 Pa. Superior Ct. 448; Turnbull's Est., 88 Pa. Superior Ct. 482.

*Charles E. Berger,* with him *Arthur L. Shay,* for appellee, cited: Caveny v. Curtis, 257 Pa. 575; Rice v. Braden, 243 Pa. 141; White's Est., 249 Pa. 115; Downing v. Felheim, 309 Pa. 566.

OPINION BY MR. JUSTICE DREW, June 30, 1933:

Appellant, a creditor of William B. Shugars, deceased, filed a petition in the lower court against the latter's administrators to open and set aside the decrees of that court confirming their final account, ordering distribution, and discharging them and their sureties. He averred as the ground for the relief sought that he had not been given notice of the filing of the account, and that his claim was not brought to the attention of the court, although suit had been brought upon it against the administrators before the account was filed. The court below dismissed the petition, and petitioner appealed.

The material facts are admitted, and are as follows: Shugars died on March 8, 1925, and letters of administration were issued to Martha W. Shugars, his widow, and Daniel Pfeil. Before his death, he, with others, sold to appellant and others the Liberty Brewing Company of Tamaqua. The agreement of sale recited that there were no outstanding debts of the company, and the sellers covenanted that if any debts were found they would be personally liable for them. Shortly after the sale, the brewing company received notice from the Treasury Department in Washington that an audit of its tax returns and books of account had disclosed that there was due the government for income and excess profits tax the sum of $21,250.18, and this amount was finally collected. On October 4, 1926, appellant and his associates in the company entered suit against the administrators in the Court of Common Pleas of Schuylkill County to recover this sum. The administrators answered that the agreement was joint and not several, and that since the other contracting parties were not joined as defendants no recovery could be had. The trial judge sustained this contention and directed a verdict for defendants. On January 6, 1930, the court in banc denied plaintiffs' motion for a new trial and entered judgment for defendants, the administrators.

On January 16, 1930, ten days after the entry of this judgment, the administrators filed their final account. Appellant was not listed as a creditor, nor was he given actual notice of the filing of the account. On August 25, 1930, the account was confirmed absolutely and a decree of distribution was entered, in which no provision was made for the payment of appellant's claim. This decree was made absolute on September 10, 1930, and distribution was made and a decree discharging the administrators and their sureties entered. Meanwhile, on January 21, 1930, only five days after the filing of the account, and seven months before it was confirmed, the judgment in favor of the administrators was appealed to this court,

which, on July 2, 1930, over two months before the decree of distribution was made absolute, reversed that judgment with a procedendo: Yadusky et al. v. Shugars et al., 301 Pa. 99. On the second trial, there was a judgment for plaintiffs, which we affirmed on January 18, 1932: 306 Pa. 92. On February 23, 1932, the petition now before us was filed.

The sole controversy here is as to whether appellant was entitled to actual notice of the filing of the account. It is admitted that he was not given such notice, and it is not contended that he had knowledge of the filing of the account. By section 46(c) of the Fiduciaries Act of June 7, 1917, P. L. 447, it is provided that "The several orphans' courts of this Commonwealth shall by general rule provide that any person who, claiming to be interested in the estate of any decedent as creditor, legatee, next of kin, or otherwise, has given written notice of his claim to the executor, administrator, or trustee, or his attorney, shall be entitled to receive actual notice from said executor, administrator, or trustee, or his attorney, of the filing of his account; or such rule of court may provide for the filing of such claims with, and the giving of notice by, the register of wills or the clerk of the orphans' court." It will be noted that the section provides that the orphans' courts of the Commonwealth shall by general rule provide for the giving to such person of actual notice. Inasmuch as this provision of the statute is mandatory, the failure of said courts to enact such a rule will not deprive a person who has complied with the provisions of the statute of its benefits. It is admitted that the court below did not obey the mandate of the statute in this respect. In the absence of a definite rule in the lower court, appellant might proceed under the terms of the statute and give written notice to the administrators or file his claim with the register of wills. Since he gave written notice to the administrators, it was unnecessary for him to file his claim with the register of wills.

The administrators concede, as they must, that the personal service of the summons and the statement of claim upon them in the suit by appellant amounted to the giving of written notice of the claim. However, they urge that a notice by publication given by the register of wills under a rule of court adopted in 1895, twenty-two years before the statute was passed, was a sufficient compliance with it. This cannot be true, because the rule of court provides only for notice by publication, whereas the very language of section 46(c) requires actual notice, and certainly notice by publication cannot be substituted for or regarded as the equivalent of actual notice. Furthermore, notice by publication is required to be made in all cases by the register of wills under section 46(d), and if section 46(c) provides for nothing more than that it is superfluous, which is not to be assumed. The clear purpose of the section is to require the giving of actual notice to those creditors who give written notice of their claims. It can mean nothing less. We conclude, therefore, that appellant, who gave written notice of his claim to the administrators, was entitled to actual notice of the filing of the account, and that not having received such notice he is entitled to have the decrees of the court below set aside in order to permit him to present his claim.

The administrators insist, however, that any right to have the decrees opened has been lost because the estate has been distributed. It is true that section 48 of the Fiduciaries Act, supra, provides that "This act shall not extend to any cause when the balance found due shall have been actually paid and discharged by any fiduciary." Of course this provision applies only to a legal distribution, and such is possible only where it is based upon a valid decree. In this case, because of the failure to give the actual notice required by statute, the decree ordering distribution was void as to appellant's claim. It could have no possible effect upon it. Such notice was indispensably necessary to give jurisdiction, and without

such notice and an opportunity to appellant to be heard, the decrees of the court were absolutely void: Richards v. Rote, 68 Pa. 248. It follows therefore that the distribution made on a void decree is of no effect as to appellant. Fortunately, the alleged distribution was made to one of the administrators, the widow of the deceased, as trustee for herself and her children. It will be no hardship to her and her fellow administrator to account for the amount of appellant's claim, which has now been finally established.

The decree of the court below is reversed at the cost of appellees, and the cause is remanded for further proceedings not inconsistent with the views herein expressed.