Engle's Estate.

Argued March 25, 1942. Before Schaffer, C. J.; Maxey, Drew, Linn, Stern, Patterson and Parker, JJ.

*M. Louise Rutherford,* Deputy Attorney General, with her *Julius H. Tolson,* Special Deputy Attorney General, *Claude T. Reno,* Attorney General, and *Clarence L. Shaver,* for appellant.

*Joseph Levy,* with him *Henry G. Gress,* for appellee.

Opinion by Mr. Justice Parker, April 13, 1942:

This is an appeal by the Department of Public Assistance from the refusal of an orphans' court to set aside its order confirming absolutely the first and final

account of the executors of the estate of Catherine Engle and review the distribution made by the accountants. The intended purpose of the review was to have determined a question of priorities, arising on a distribution of the proceeds of real estate sold by the executors, between a judgment obtained by the Commonwealth in the lifetime of decedent and other debts of hers.

Catherine Engle died March 5, 1940, the owner of personal property inventoried at $132.66 and a parcel of real estate on which she resided. The decedent's personal property being insufficient to pay her debts, her executors, with the permission of the orphans' court, sold her real estate for $1,382.

During her lifetime the decedent was provided with state aid and the Commonwealth, on December 7, 1939, obtained a judgment against her which became a lien against her real estate. Notwithstanding the fact that the department gave to the attorney for the executors written notice of said judgment and the amount of its claim, the executors filed their account on October 9, 1940, and had it confirmed absolutely December 14, 1940, without giving any notice of the filing of the account to the Commonwealth or its proper department. The account showed a distribution of the balance in the hands of the executors whereby the expenses of administration, a prior judgment, funeral expenses, expenses for a marker at her grave and other small accounts were paid in full and a balance of $32.35 was awarded the Commonwealth on its claim of $1,060.70.

On February 3, 1941, as soon as the Commonwealth learned of the filing of the account, it presented its petition setting forth the facts, praying that the confirmation of the account be vacated and asking for a review. The executors filed an answer averring that the Commonwealth was only entitled to receive payment of its claim after all other debts had been paid and that the funds of the estate had all been distributed before the petition for review was presented. The court below for

those reasons refused the petition and the Commonwealth has appealed. The order must be reversed.

The main contention of the appellee, sustained by the court below, is that distribution was proper and in accord with §13(a) of the Fiduciaries Act, June 7, 1917, P. L. 447 (20 PS §501), which provides that debts due the Commonwealth shall be paid only after all other debts are paid. This position cannot be sustained for the order of priorities established by §13(a) does not apply to or affect judgments entered of record prior to the decedent's death, including judgments in favor of the Commonwealth, where the proceeds of real estate bound by such judgments are being distributed: *Morrison's Estate,* 343 Pa. 157, 22 A. 2d 729. The principle underlying that decision had been announced by this court as early as *Ramsey's Appeal,* 4 Watts 71, 74. Section 15(g) of the Fiduciaries Act (20 PS §527) likewise recognizes the same rule in providing that "all judgments which at the time of the death of a decedent shall be liens on real estate owned by said decedent at the time of his death . . . shall continue to bind such real estate during the term of five years from his death." Section 13(a) applies in the distribution of personal estate but does not affect the priority to which the judgment was entitled on distribution of the proceeds of the judicial sale of real estate.

*Ferguson's Estate,* 325 Pa. 34, 189 A. 289, and *McDowell's Estate,* 338 Pa. 478, 13 A. 2d 410, relied upon by appellees, are not applicable for in neither of those cases had a judgment been entered of record prior to the death of decedent.

The contention that the application came too late by reason of the fact that distribution had been made before the petition was presented is without merit and is ruled by *Shugars's Estate,* 312 Pa. 472, 167 A. 567. It is admitted that the written notice was given by the Commonwealth of its claim within six months of decedent's death and before the account was filed. The petition for

538

the sale of real estate also showed that the executors had notice of the claim. The claimant was therefore entitled to receive "actual notice" from the executors of the filing of the account. This imposed a mandatory duty on the executors. Since they failed to give such notice it makes no difference that the funds have been distributed: *Shugars's Estate*, supra, pp. 476-477.

The decree of the court below is reversed at the cost of appellees and the cause is remanded for further proceedings not inconsistent with the views herein expressed.