## Dry's Estate

C. C. *Mendelsohn*, for accountant.
*Ellis Brodstein*, for exceptant.

MARX, P. J., October 4, 1947.—Elizabeth Dry died on April 8, 1946, leaving a last will dated April 1, 1925, which was probated on October 9, 1946, and under which letters testamentary were granted to Mary Newpher, the accountant. The estate of testatrix is insufficient for the payment of debts and funeral expenses and the testamentary dispositions need accordingly not be recited.

The personal estate consisted of cash and an account receivable aggregating $450. The account reports a deficit on the personal estate of $225.89. The real estate of testatrix was sold for payment of debts. The proceeds of the sale amounted to $1,400. The accountant includes rent collected, $70, and a refund on tax payments of $12.03, bringing the total debit to $1,482.03. The account shows a balance due the estate on real estate of $1,198.58. Under a recapitulation the accountant deducts from the real estate balance aforesaid, the deficit on personal estate, $225.89, yielding a balance for distribution of $972.69.

The accountant admits liabilities of the estate as follows:

To Theresa Drake, bond and mortgage of testatrix dated October 6, 1928, recorded in Mortgage Book 467, page 555, in the sum of $600; also, interest thereon at the rate of five percent per annum from April 16, 1946.

To the Memorial Art Studio, headstone for decedent's grave, $71.50.

To Dr. Leo Gorman (not preferred) professional services rendered, $23.

To Commonwealth of Pennsylvania (blind pension) on judgment entered against decedent, on June 18, 1940, to no. 176, June term, 1940, J. D., for $2,000; revived for $2,000 on May 1, 1945, to no. 134, April term, 1945, J. D. The judgment was held as security against advancements or payments made to decedent in her lifetime. The Commonwealth claims for advancements aggregating the sum of $1,366.20, and costs of $6.

On the basis of the judgment in favor of the Commonwealth, plaintiff filed exceptions to the account, in relation to the credits taken for payment to the undertaker, $438.39, the credit taken for funeral services in the sum of $60 and to the proposed distribution or payment of the claim of Memorial Art Studio, $71.50 and Dr. Leo Gorman, $23.

In a similar case, Engle's Estate, 344 Pa. 535, the Supreme Court reported (p. 536) :

"The account showed a distribution of the balance in the hands of the executors whereby the expenses of administration, a prior judgment, funeral expenses, expenses for a marker at her grave and other small accounts were paid in full and a balance of $32.35 was awarded the Commonwealth on its claim of $1,060.70."

The Commonwealth had entered a judgment against decedent on December 7, 1939, and decedent died on March 5, 1940. The estate was insolvent and the real estate was sold for $1,382. The claim of the Commonwealth was $1,060.70. The account of the executors was confirmed absolutely and the court below held that the claim of the Commonwealth ranked last of all the claims presented. The Supreme Court reversed, holding that "Section 13 (a) [of the Fiduciaries Act of June 7, 1917, 20 P.S. Section 501] applies in the distribution of personal estate but does not affect the

priority to which the judgment was entitled on distribution of the proceeds of the judicial sale of real estate." We must accordingly find that out of the balance of the real estate fund, $1,198.58, the Commonwealth is entitled to first distribution after the aforesaid first mortgage of $600, with interest accrued, and the fund being insufficient for full payment there can be no distribution among the remaining creditors. Distribution is decreed accordingly.

## DISTRIBUTION

### *Realty*

| | | |
|---|---:|---:|
| Balance due estate, as appears by account filed, | | $ 1,198.58 |
| To Clerk of Orphans' Court, Adjudication costs, | $ 3.00 | |
| To Accountant, allowance to cover cost of entry of satisfaction of awards | 1.00 | 4.00 |
| | | $ 1,194.58 |
| To Theresa Drake, payment of bond and mortgage, of testatrix, dated October 6, 1928, recorded in Mortgage Book, Vol. 467, page 555, in the sum of | $ 600.00 | |
| Interest @ 5% from April 16, 1946 | 43.98 | 643.98 |
| | | $ 550.60 |
| To Commonwealth of Pennsylvania, Department of Public Assistance, a/c claim for $1,372.20 | | $ 550.60 |

It is ordered and decreed that Mary Newpher, executrix as aforesaid, do pay the distribution to the persons respectively entitled thereto.

And now, October 4, 1947, this adjudication is confirmed nisi; and in the absence of exceptions, filed within 10 days herefrom, such confirmation shall become absolute, as of course.