## Dean v. Stanton

*Rita E. Prescott* and *R. Stuart Jenkins*, for plaintiff.
*George R. Johnson*, for defendants.

DIGGINS, J., March 17, 1960.—This matter came on to be heard on preliminary objections to a complaint in assumpsit based on the contention that suit would not lie against defendants in their capacities as trustees and executrices under the will of Elsie M. Stanton, deceased, based on a further contention that final account and adjudication of the estate had been had in orphans' court.

The question then came up at the argument as to whether or not, in spite of the adjudication, the executrices, defendants here, had been discharged. Counsel

agreed to supply the information to the record. This information has been supplied by stipulation and is to the effect that the account was adjudicated July 12, 1957, and confirmed absolutely July 26, 1957, and the executrices were not discharged. It is suggested by counsel that where there is an adjudication and no discharge of the fiduciaries, the action may be brought against the fiduciaries but no recovery may be had until and unless additional funds come into the estate.

This set of facts brings us to the conclusion that this suit is properly brought and the preliminary objections must be dismissed, and as was said in Ohio v. Union Trust Company of Pittsburgh, 137 Pa. Superior Ct. 75, at page 78:

"We are not here concerned with whether the judgment is collectible, or whether the executor of the decedent has funds of the estate in its hands out of which the judgment can be satisfied in whole or in part; or has lawfuly disbursed all of the personal estate. Those are matters within the jurisdiction of the orphans' court: Phillips, Admr. v. Allegheny V. R. Co., 107 Pa. 465; Strouse v. Lawrence, Admx., 160 Pa. 421, 28 A. 930. Nor are we now concerned with the question whether the real estate of the decedent, if she left any, is chargeable with the payment of any judgment recovered in the action, or whether the executor may have made itself personally responsible for its payment by distributing the funds in its hands without complying with the provisions of the Act of June 7, 1917, P. L. 447, sec. 46(c), pp. 511, 512, which prescribes the giving of actual notice of the filing of its accounts to creditors who gave written notice of their claims. See Shugar's Est., 312 Pa. 472, 167 A. 567. Those are matters for subsequent consideration and determination in proper proceedings", and the present law in this respect is the same as that referred to in the Act of 1917 in the foregoing quote.

348

It would seem, therefore, that where a fiduciary, for reasons of his own, has the account adjudicated but does not seek discharge, may have some advantage in handling any later matters which arise. Nevertheless, there is an attendant disadvantage of which this is an example and we therefore make the following

*Order*

And now, to wit, March 17, 1960, the preliminary objections heretofore filed be and the same are hereby dismissed. Defendants are given leave to file an answer within 20 days if they so desire.