## White Estate

*Lawrence N. Ravick,* for accountant.

*Donald J. Lee,* Special Assistant Attorney General, for Commonwealth of Pennsylvania, judgment creditor.

McKENNA, J., October 10, 1973.—The question before us in this case relates to the distribution of assets in the estate, which is admittedly insolvent. This was raised at the audit of the executor's account.

Decedent died testate on November 4, 1972. Her last will and testament was dated April 19, 1971, and Rosalie Holmes is named as the residuary legatee.

In 1967, the Commonwealth of Pennsylvania had obtained a judgment against Alberta E. White for welfare payments advanced to her. The judgment is in the sum of $1,812.93.

On December 1, 1972, letters testamentary were granted to Harry Ravick, the executor named in the will. On February 2, 1973, an inventory was filed listing personalty in the amount of $627.90, and real estate situate in the Twelfth Ward of the City of Pittsburgh valued at $1,500. This was sold by the executor pursuant to an order of the orphans' court division of this court after a hearing, for the sum of $2,564.54. After payment of the various charges connected with the property, the net sum of $1,369.73 was transferred to principal-personalty. Administrative costs were paid and the cash balance for distribution now is $817.95.

In his petition for distribution, the executor admits the validity of nine claims against the estate. These total $2,698.84. They include the Commonwealth's claim in the amount of $1,812.93, and a balance due on decedent's funeral bill in the sum of $300. The Commonwealth claims the entire balance, based on the fact that its judgment was a lien on decedent's real estate, which was sold.

Section 3392 of the Probate, Estates and Fiduciaries Code of June 30, 1972, (No. 164), formerly section 622 of the Fiduciaries Act of April 18, 1949, P.L. 512, 20 PS §320.622, provides as follows:

"If the applicable assets of the estate are insufficient to pay all proper charges and claims in full, the personal representative, subject to any preference given by law to claims due the United States, shall pay them in the following order, without priority as between claims of the same class:

"(1) The costs of administration.

"(2) The family exemption.

"(3) The costs of the decedent's funeral and burial, and the costs of medicines furnished to him within six months of his death, of medical or nursing services performed for him within that time, of hospital services including maintenance provided him within that time, and of services performed for him by any of his employes within that time.

"(4) The costs of a gravemarker.

"(5) Rents for the occupancy of the decedent's residence for six months immediately prior to his death.

"(6) All other claims, including claims by the Commonwealth."

The provision does not operate to prevent the Commonwealth from receiving the entire balance here, as it had a lien against the real estate which produced the fund. In this situation, the only amount which would be available for other creditors is the sum over and above that required to satisfy the lien. Here, there will be no balance after satisfaction of the Commonwealth's claim.

Our decision is in accord with the ruling of the Supreme Court in Engle's Estate, 344 Pa. 535 (1942), wherein Mr. Justice Parker for the court said (page 537):

"The main contention of the appellee, sustained by the court below, is that distribution was proper and in accord with §13(a) of the Fiduciaries Act,

June 7, 1917, P.L. 447 (20 PS §501), which provides that debts due the Commonwealth shall be paid only after all other debts are paid. This position cannot be sustained for the order of priorities established by §13(a) does not apply to or affect judgments entered of record prior to the decedent's death, including judgments in favor of the Commonwealth, where the proceeds of real estate bound by such judgments are being distributed."

Section 13(a) referred to above is similar, so far as this case is concerned, to section 3392 of the Probate, Estates and Fiduciaries Code quoted above.

A decree will be entered in accordance with this opinion.