**Maule Estate (No. 2)**

*Jon A. Barkman,* for exceptant.
*John J. Barbera,* contra.

COFFROTH, *P.J.,* April 5, 1979—This case is before us on exceptions to the administrator's petition for discharge following distribution of the estate pursuant to his confirmed final account and statement of proposed distribution.[1] The exceptions are filed by a non-marital son of decedent whose claim as such against the estate was presented and denied by this court on exceptions to the account and statement of proposed distribution; he seeks leave to file a petition for review of that adjudication on the grounds that: (1) the judges of this court were without power to make the adjudication by virtue of a judgment in a class action in the U.S. District Court for the Eastern District of Pennsylvania which prohibited discrimination in inheritance between marital and non-marital children on constitutional grounds, or (2) the adjudication should be set aside on equitable grounds. The present exceptions must be dismissed.[2]

---

1. The exceptions to the discharge petition are set forth in a document called "Petition To (Refuse) Discharge Fiduciary." The proper procedure to challenge a petition for discharge of a fiduciary is to file an answer or exceptions. See: local Rule No. R41-213; Supreme Court Orphans' Court Rules 7.1 and 12.7; Craig Estate (No. 3), 35 Somerset 259, 260, note [1] (1978). We treat the document as exceptions.

2. The exceptions use the terms "legitimate" and "illegitimate" children. By Act No. 1978-288, Act of November 26, 1978, P.L. 1216, 48 P.S. §167, all children are "legitimate irrespective of the marital status of their parents . . ." Today's terms are "child born out of wedlock" or "marital" or "non-marital" child.

## THE PRIOR DECISION OF THIS COURT

The administrator's first and final account and statement of proposed distribution exclude exceptant from any distributive share in the estate because section 2107 of our Probate Code then in effect provided as follows:

"(a) Child of mother.—For purposes of descent by, from and through a person born out of wedlock, he shall be considered the child of his mother but not of his father.

"(b) Marriage of parents.—When the parents of a person born out of wedlock shall have married each other, he shall be legitimated for purposes of descent by, from and through him as if he had been born during the wedlock of his parents." June 30, 1972, P.L. 508, sec. 2, effective July 1, 1972, amended by Act No. 1978-303 effective (prospectively only) November 26, 1978.

The exceptant had filed timely exceptions to that statement of proposed distribution, challenging the constitutionality of section 2107. We reluctantly sustained the statute and dismissed the exceptions in Maule Estate, 29 Somerset 249 (1974), as follows, 254:

"Were we considering this question anew, we would regard claimant's argument sufficiently substantial to warrant a careful analysis on our part of the problem. But we have no such option. In Labine v. Vincent, 401 U.S. 532, 28 LEd2d 288 (1971), the U.S. Supreme Court upheld (5-4) a Louisiana law essentially similar to that of Pennsylvania barring an illegitimate child, who was acknowledged by the father but not legitimated by marriage of the parents, from inheriting as an heir of the father's estate. We have studied Jimenez v.

Weinberger, 41 LEd2d, 363 (1974), cited and relied on by counsel for objectants, which holds unconstitutional under the due process clause of the 5th Amendment the provisions of the Social Security Act which discriminate between legitimate and illegitimate children. The opinions in the latter case do not mention Labine, but we do not regard the two cases as so patently inconsistent as to warrant this Court in disregarding Labine which is controlling authority upon us by the highest Court in the land."

The order accompanying that opinion confirmed absolutely the account and statement of distribution on October 21, 1974, and no petition for review or appeal of that order was filed. The administrator then made full distribution of the estate pursuant to the terms of the confirmed statement of distribution.

Thereafter in 1977, the U.S. Supreme Court, in a case similar to Labine v. Vincent (relied on in Maule Estate, supra) and involving an Illinois statute substantially similar to Probate Code section 2107, above quoted, held the Illinois statute unconstitutional as an impermissible discrimination between marital and non-marital children: Trimble v. Gordon, 52 L.Ed. 2d 31 (1977).[3] In Browning Estate, 5 D. & C. 3d 772, 28 Fiduc. Rep. 1 (1977), the

---

3. Trimble v. Gordon is a 5-4 decision. The majority notes distinctions between Trimble and Labine, but effectively discredits the latter in principle (Trimble, 43 note 17). Three of the Trimble dissenters stated that ". . . they find this case constitutionally indistinguishable from Labine v. Vincent . . ." (Trimble 43).

court on timely exceptions held section 2107 unconstitutional on the authority of Trimble. Although we find no Pennsylvania appellate authority on the subject, Browning Estate seems plainly correct.[4]

Accordingly, while our decision of May 21, 1974, was correct according to the then prevailing law, it became incorrect in 1977 when Trimble came down. Assuming Trimble's retroactivity on the constitutional question as it might affect post-Trimble adjudications of pre-Trimble controversies, Trimble could not undo the vested res judicata effect of the 1974 decision of this court which exceptant declined to appeal; constitutional rights are waivable and his failure to appeal was a waiver of further claim.

Therefore, our prior adjudication must stand despite Trimble unless review is now permissible, or we were barred by Federal court order from making it, or there are equitable grounds for setting it aside. Each of these possibilities will now be considered.

## REVIEW

Post-confirmation review of a personal representative's account (and decree of distribution) is permitted under the circumstances set forth in

---

4. The Illinois statute invalidated in Trimble, supra, provided in relevant part as follows: "An illegitimate child is heir of its mother and of any maternal ancestor, and of any person from whom its mother might have inherited, if living; . . . An illegitimate child whose parents intermarry and who is acknowledged by the father as the father's child shall be considered legitimate."

Probate Code section 3521 which provides as follows:

"If any party in interest shall, within five years after the final confirmation of any account of a personal representative, file a petition to review any part of the account or of an auditor's report, or of the adjudication, or of any decree of distribution, setting forth specifically alleged errors therein, the court shall give such relief as equity and justice shall require: *Provided, That no such review shall impose liability on the personal representative as to any property which was distributed by him in accordance with a decree of court before the filing of the petition.* The court or master considering the petition may include in his adjudication or report, findings of fact and of law as to the entire controversy, in pursuance of which a final order may be made." (Emphasis supplied.)

That is a substantial re-enactment of prior law and expressly prohibits review which would impose liability on the personal representative as to any property previously distributed. In the instant case, full distribution was made pursuant to the confirmation, long before the present exceptions were filed. Statutory review at this late date is clearly impermissible. See: Burger Estate, 425 Pa. 395, 229 A. 2d 463 (1967); Thomas Estate, 397 Pa. 403, 155 A. 2d 816 (1959); Shugars's Estate, 312 Pa. 472, 167 Atl. 567 (1933).

## FEDERAL COURT ORDER

Exceptant challenges the jurisdiction of this court to make the adjudication of October 21, 1974, adverse to exceptant's claim to a distributive share as *decedent's non-marital child,* because of the decision in Fernandez v. Shapp, 28 Fiduc. Rep. 359

(1978). That was a class action originally filed in 1974 challenging the constitutionality of Probate Code section 2107. We do not have the filing date of that action, but for purposes of this proceeding we shall assume it was filed prior to October 21, 1974, the date of our confirmation order. On May 24, 1978, by consent agreement, Probate Code section 2107 was declared unconstitutional on the basis of Trimble v. Gordon and Browning Estate, both supra. Counsel for exceptant argues that that order must be regarded as a bar against Pennsylvania's judges exercising orphans' court jurisdiction *retroactive* to the filing of the class action against them, thus invalidating our confirmation order of October 21, 1974.

We cannot agree with exceptant's contention, primarily because the order of the Federal court indicates that no adjudication of any kind was made against Pennsylvania judges, as appears from the following excerpt from paragraph 1 of the Federal court's final order: 28 Fiduc. Rep. at 361:

"1. It is hereby ordered that, upon the agreement of the parties, the cause of action against the Honorable Kendall H. Shoyer and the Honorable Dawson H. Muth and the request that said defendants be declared representatives of a defendant class of all judges performing orphans' court functions in the Commonwealth of Pennsylvania is hereby withdrawn."

From this it is apparent that there was not only no adjudication against Pennsylvania judges, but that those judges had not even been declared a defendant class, and the effort to obtain such a declaration was aborted by its withdrawal. There is nothing in Fernandez ousting this court of authority to make the adjudication of October 21, 1974.

## EQUITABLE CONSIDERATIONS

Counsel for exceptant further argues that if we find no legal basis for relief we should allow review of our confirmation order on equitable grounds, because exceptant's right of inheritance is now clear and will be unconstitutionally denied if such relief is not granted.[5] Undoubtedly, relief against any judgment or decree may be granted on equitable grounds: 20 P.L.E., 359, §231 et seq.; Restatement, Judgments, §114. The difficulty with exceptant's contention is that the equities are not with him: he had his opportunity to appeal the confirmation decree and declined to do so, thereby waiving any further claim of inheritance; he was represented by competent and experienced counsel who recognized the issue and raised it properly in this court and well knew of exceptant's appeal rights; exceptant's election not to appeal virtually induced the

---

5. Exceptant's right of inheritance in this case cannot be described as clear, since parentage is not conceded and the record contains no evidence establishing it. The confirmation order, and our decision in this case, assume without deciding parentage.

It should also be noted that in Trimble v. Gordon, supra, paternity had been adjudicated in a support case and was thereafter acknowledged by the father during his lifetime, and the voided Illinois statute allowed inheritance only if the child's parents *intermarry* and acknowledge the child. Proof of parentage of a non-marital child can be a special problem, decisively affecting constitutionality of the statute, see: Trimble v. Gordon, supra, 39-40; Fiallo v. Bell, 52 L.Ed. 2d 50 (1977); Matthews v. Lucas, 49 L.Ed. 2d 651 (1976); Lalli v. Lalli, 58 L.Ed. 2d 503 (1978); and the 1978 amendment of Probate Code section 2107, Act No. 1978-303, enacted to meet the objections of Trimble. See also: Inheritance Tax On Illegitimates, 8 D. & C. 3d 167 (1978).

personal representative to make distribution according to the confirmed statement of proposed distribution excluding exceptant. It would be exceedingly inequitable now to allow exceptant to unravel what he induced, and to impose a liability on the accountant for doing what exceptant permitted to happen and the court decreed. That inequity is recognized in Probate Code section 3521, supra, governing review, by prohibiting review as to assets already distributed in reliance on a prior confirmation.

Exceptant's notion of equity focuses solely upon his own narrow interests and omits the essence of all equity: the balancing of conflicting interests. As previously stated, if exceptant's decision not to appeal is regarded as a voluntary action, he has waived his claim of inheritance; if the failure to appeal is regarded as merely an inaction, exceptant is in effect barred by laches, the core of which is an estoppel arising from prejudicial delay and prevents exceptant from changing his position after inducing the administrator to rely on exceptant's inaction: Fronzoli v. Sutton, 26 Somerset 150 (1970); Berzonski v. Holsopple, 28 Somerset 342 (1973); Petrilla v. Shaffer, 30 Somerset 116 (1974); Miller v. Nationwide (No. 2), 31 Somerset 46 (1975); 20 P.L.E., 363, §233. In any event, the administrator materially changed his position in justifiable reliance on the 1974 decree of distribution.

## ORDER

Now, April 5, 1979, the exceptions to the petition for discharge of fiduciary are dismissed and review of the confirmed first and final account and statement of proposed distribution is denied.

Accordingly, the petition for discharge of the administrator and surety is granted and the discharge decree has been signed. Costs on exceptant.