PORTER BROWN LIMESTONE
COMPANY, INC., Appellee,

v.

Martha B. OLSON, Commissioner of
Revenue, Appellant.

Supreme Court of Tennessee,
at Nashville.

Dec. 27, 1982.

Order April 11, 1983.

William M. Leech, Jr., Atty. Gen., Charles L. Lewis, Asst. Atty. Gen., Nashville, for appellant.

J. Travis Price, Springfield, for appellee.

## OPINION

FONES, Chief Justice.

This is a direct appeal of a state revenue case by the Commissioner of Revenue from a judgment for the taxpayer. The trial judge held that the taxes were due but invoked the doctrine of estoppel because in a prior audit or audits the State had not taxed similar transactions.

Most of the sales taxes involved in this suit were assessed on sales made by plaintiff to J.A. Hadley Construction Company and delivered to a road construction project Hadley was performing in Davidson County. Plaintiff mixed limestone with cement

and with calcium chloride as ordered by Hadley at its plant in Robertson County. Although plaintiff had a fleet of trucks, all of the limestone sold to Hadley was transported from plaintiff's plants to the job-site in trucks owned by third-party contract haulers. Plaintiff hired the contract haulers, paid the transportation charges and billed Hadley for the exact amount so paid, as a separate item from the material sold. Plaintiff made no charge for the service of arranging for and paying the contract haulers.

As the result of a State audit for the period March 1977 through February 1980, plaintiff was issued a deficiency assessment of sales taxes of approximately $28,000 upon the transportation charges paid to contract haulers and billed to plaintiff's customers. The State had conducted a prior audit or audits and no tax had been assessed on transportation charges appearing on plaintiff's invoices under the same circumstances as involved here. The record does not reflect when the prior audit or audits were made or who made them, but in our view it is immaterial whether there was one or more prior audits.

Plaintiff insists it is entitled to recover the tax because (1) the regulation promulgated by the Commissioner of Revenue and relied upon by the State to impose the tax exceeds the scope of the statute upon which it was based, and (2) the doctrine of estoppel predicated upon the failure of the State to impose tax liability for similar transactions on a prior audit or audits. The trial judge rejected plaintiff's first contention but held estoppel applicable and awarded plaintiff judgment for the taxes paid under protest.

The applicable Code section, T.C.A. § 67–3002(d) reads as follows:

(d) "Sales price" means the total amount for which tangible personal property is sold, including any services that are a part of the sale, valued in money, whether paid in money or otherwise, and includes any amount for which credit is given to the purchaser by the seller, without any deduction therefrom on account of the cost of the property sold, the cost of materials used, labor or service costs, losses, or any other expenses whatsoever;

. . . .

The applicable regulation, Rule 1320–5–1–.71 promulgated by the Commissioner of Revenue in 1974 reads as follows:

Freight, delivery, or other like transportation charges are subject to the sales and use tax if title to the property being transported passes to the vendee at the destination point. Where title to the property being transported passes to the vendee at the point of origin, the freight or other transportation charges are not subject to the sales or use tax. It is immaterial whether the vendor or vendee actually pays for any charges made for transportation, whether the charges are actually paid by one for the other, or whether a credit or allowance is made or given for such charges. In cases where a vendor makes a separate charge for delivering tangible personal property in his own vehicle, or makes arrangements for delivering tangible personal property, other than by a common carrier, the delivery charges shall be considered a part of the selling price subject to the sales or use tax.

■ In our opinion the regulation does not exceed the scope of the statute and is within the rule making authority of the Commissioner of Revenue. Transportation charges that are incurred under the circumstances expressly stated in the regulation are a "service" that is "a part of the sale" and must be included in the sale price as defined in T.C.A. § 67–3002(d).

■ Plaintiff asserts that title passed to Hadley at plaintiff's plant when loaded upon the trucks of the contract haulers. A representative of the Department of Revenue testified that plaintiff was given an opportunity to produce any documentary evidence available to support that position but none was forthcoming. No purchase orders, contracts or other documentary evidence was produced at the trial bearing upon when title passed, except a letter signed by the president of J.A. Hadley Con-

struction Company. In substance, Hadley's president expressed the opinion that the material became the property of Hadley as soon as plaintiff mixed the limestone and cement or the limestone and calcium chloride at its plant. In our opinion the letter has no probative value in fact or in law. Upon the record before us we agree with the State's contention that title passed upon delivery of the material to Hadley's job-site in Davidson County, pursuant to the provisions of T.C.A. § 47–2–401(2) and (2)(b). We agree with the trial judge that the taxes assessed were legally due and owing.

The estoppel issue is controlled by this Court's opinion in *Memphis Shopper's News, Inc. v. Woods,* 584 S.W.2d 196 (Tenn. 1979) and the numerous prior decisions cited at page 200 therein. The failure of a representative of the Department of Revenue to collect a tax, whether because of a mistaken construction of the law or other reason, cannot work an estoppel against the State. Taxpayers owe and it is the duty of the Commissioner of Revenue to collect the taxes due the State under the law as written by the Legislature and interpreted by the Courts, not as interpreted or overlooked or otherwise omitted by various field auditors or other individuals in the Department of Revenue.

The judgment of the Chancery Court of Robertson County is reversed and this suit is dismissed. Costs are assessed against plaintiff.

### ORDER

After a careful consideration of the contentions of plaintiff in its petition to rehear, it is respectfully denied.

COOPER, BROCK, HARBISON and DROWOTA, JJ., concur.