**EXCHANGE MUTUAL INSURANCE COMPANY, Plaintiff-Appellant,**

v.

**Martha OLSEN, Commissioner of Revenue, Defendant-Appellee.**

Supreme Court of Tennessee, at Nashville.

March 26, 1984.

Gary S. Rubenstein, Nashville, for plaintiff-appellant.

William M. Leech, Jr., Atty. Gen., Charles L. Lewis, Asst. Atty. Gen., Nashville, of counsel, for defendant-appellee.

OPINION

DROWOTA, Justice.

This is an action to recover taxes incurred upon the sale of alcoholic beverages for consumption on the premises. The Plaintiff-Appellant, Exchange Mutual Insurance Company, acting as surety for The Fiddler of Memphis, Inc., d/b/a Fiddler Restaurant and Delicatessen and d/b/a Antoinette's Restaurant and Lounge, paid the Defendant-Appellee, Martha B. Olson, Commissioner of Revenue, the sum of $834.10 under protest. Exchange Mutual filed suit in the Chancery Court of Davidson County seeking refund of the taxes paid. Chancellor Irvin H. Kilcrease, Jr.

heard the case on cross motions for summary judgment, denying Exchange Mutual's motion and granting a motion for summary judgment in favor of the Commissioner of Revenue. We affirm.

In accordance with the provisions of T.C.A. § 57-4-302(3), Exchange Mutual issued three surety bonds to the State of Tennessee for taxes attributable to the sale of alcoholic beverages for consumption on the premises of the Fiddler Restaurant and Antoinette's Restaurant and Lounge. On May 19, 1981, Mr. Robert H. Cranch, Jr., Chief of Tax Compliance in the Miscellaneous Tax Division, sent to Exchange Mutual a letter stating that audits had been completed, the taxes for their bonding had been paid, and Exchange was "discharged from its entire obligation to the State of Tennessee."

After receiving this letter, Exchange released a $1,000.00 certificate of deposit to Fiddlers of Memphis, Inc., which Exchange had retained as collateral for the issuance of the bonds. Thereafter, the Department of Revenue conducted another audit of the principal and discovered outstanding tax liability in the amount of $762.62 plus penalty and interest. On August 2, 1982, the Department demanded payment from Exchange as surety under two of the bonds covering the relevant period. Exchange then paid the tax under protest and filed this action seeking a refund.

Exchange Mutual contends that the issue is one of performance of contract, and in serving as surety in the matter, Exchange completely performed its obligation and was thereafter discharged by the Department of Revenue. Under this theory, Exchange argues that the discharge operated to sever the contractual relationship that existed between these two parties. Appealing though this argument may be, we are compelled to disagree.

■ It is well settled in Tennessee that a surety stands in the shoes of the principal. *In Re Estate of Darwin*, 503 S.W.2d 511, (Tenn.1973); *City of Nashville v. Singer & Johnson Fertilizer Co.*, 127 Tenn. 107, 153 S.W. 838 (1913). Furthermore, the bonds executed in this case contain a clause placing the surety in the position of the principal.

Both the principal and surety under this bond shall be considered the taxpayers as to the State of Tennessee with all rights, privileges, obligations and limitations pertaining to taxpayers under the laws of the State of Tennessee.

"This being true, a privilege tax to the principal is also a privilege tax to the surety." *In Re Estate of Darwin, supra,* at 513. Following this analysis in the *Darwin* case, this Court concluded that a surety who had issued a bond to the Commissioner of Revenue to cover taxes incurred from the wholesaling of beer, ale, and other malt beverages, was liable to the State for a tax rather than for a debt arising under contract. Although the statute involved in *Darwin*, T.C.A. § 57-6-107, covered taxes from the wholesale of malt beverages, the analysis is applicable to the case at bar and T.C.A. § 57-4-302 which covers the tax on retail sales of alcoholic beverages. Accordingly, Exchange Mutual's argument that this case should be decided on contract principles is without merit. The State has a claim for a tax and not for a debt owed on a contract.

■ The question remains regarding the effect of the discharge letter sent by the Commissioner of Revenue on May 19, 1981, to Exchange Mutual. It is well settled in Tennessee that estoppel cannot be invoked against the State in the collection of revenues. *See, Memphis Shoppers News, Inc. v. Woods,* 584 S.W.2d 196 (Tenn.1979). As noted above, the State's claim against Exchange Mutual is for a tax rather than a debt. Therefore, the Department of Revenue cannot be estopped from collecting the tax even though the letter of discharge was erroneously sent to Exchange Mutual by a subordinate official. *Porter Brown Limestone Co. v. Olsen,* 648 S.W.2d 242, 244 (Tenn.1982).

Exchange Mutual is liable for the $834.10 paid under protest, having assumed that liability under the terms of the surety bond and T.C.A. § 57-4-302(3). The Chancellor

correctly granted the Commissioner's motion for summary judgment and we affirm.

FONES, C.J., and COOPER, BROCK and HARBISON, JJ., concur.