# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
October 23, 2014 Session

## ABDELRAHMAN AMROKBEER v. RICHARD ROBERTS, ET AL.

### Appeal from the Chancery Court for Davidson County
No. 131042I      Claudia Bonnyman, Chancellor

---

### No. M2013-02639-COA-R3-CV – Filed May 28, 2015

---

A corporate officer responsible for paying over the sales taxes collected by a corporation pled guilty to attempted tax evasion under Tennessee Code Annotated § 67-1-1440. As part of his plea agreement, the criminal court ordered the corporate officer to pay restitution in the amount of $17,500. After completing probation, the Department of Revenue notified the corporate officer of an individual sales tax assessment of $137,493.76 arising from the corporation's operations. The corporate officer filed a complaint in the Davidson County Chancery Court challenging the assessment. The corporate officer argued that the amount of the criminal restitution, which he had already paid, was the full amount of his individual liability to the Department. The Department filed a motion to dismiss, which the trial court granted. Concluding that criminal restitution and civil tax liability are separate and distinct, we affirm the dismissal.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed

W. NEAL MCBRAYER, J., delivered the opinion of the Court, in which RICHARD H. DINKINS and BRANDON O. GIBSON, JJ. joined.

Matthew R. Armour, Somerville, Tennessee, for the appellant, Abdelrahman Amrokbeer.

Robert G. Cooper, Attorney General and Reporter, and Joseph F. Whalen, Acting Solicitor General, and R. Mitchell Porcello, Assistant Attorney General, Nashville, Tennessee, for the appellee, Tennessee Department of Revenue.

# OPINION

## I. FACTUAL BACKGROUND

On November 5, 2010, Appellant, Abdelrahman Amrokbeer, pled guilty to one count of attempting to evade sales tax, Tennessee Code Annotated § 67-1-1440(g) (2013). The criminal action stemmed from the failure of E & A Inc., the owner and operator of the Bull Market convenience store, to collect and remit sales tax. As part of Appellant's plea agreement, the criminal court ordered him to pay $17,500 in restitution to the Department of Revenue (the "Department"). Following the successful completion of judicial diversion, Appellant sought and obtained an expungement of his criminal record.

On March 19, 2013, the Department notified Appellant of an individual assessment of $137,493.76 for the sales and use taxes collected but not remitted by E & A, Inc. The Department assessed the taxes against Appellant individually as a responsible party under Tennessee Code Annotated § 67-1-1443(a) (2013). On July 23, 2013, Appellant challenged the assessment by filing a complaint in the Chancery Court for Davidson County. Appellant's primary theory was that the payment of the $17,500 in restitution ordered as part of his criminal sentence was the full extent of his liability to the Department. Furthermore, he argued that "the March 19, 2013 assessment against Plaintiff is 'unjust, illegal or incorrect' because of the legal doctrines of release, breach of contract, res judicata, judicial estoppel, unclean hands, waiver and the seizing of Plaintiff's property without due process of law."

On August 26, 2013, the Department filed a motion to dismiss for failure to state a claim for which relief can be granted under Tennessee Rule of Civil Procedure 12.02(6). After conducting a hearing, the trial court dismissed the complaint "in its entirety." In its order, the trial court stated the following:

> The Court finds that the plaintiff's complaint fails to state a claim for which relief can be granted because the plaintiff's criminal plea agreement and payment of restitution to the Department of Revenue in the amount of $17,500 did not bar the Department of Revenue from assessing civil taxes, penalty, and interest against the plaintiff pursuant to Tenn. Code Ann. § 67-1-1443 in the amount of $137,493.

The trial court also found against Appellant on all other grounds for relief. The trial court held that the Department was entitled to an award of attorneys' fees but reserved the

determination of the amount of attorneys' fees until the conclusion of all appeals. Appellant timely appealed.

## II. ANALYSIS

This appeal arises from the grant of a Tennessee Rule of Civil Procedure 12.02(6) motion to dismiss for failure to state a claim upon which relief can be granted. The standards by which Tennessee courts are to assess a Rule 12.02(6) motion to dismiss are well established. As our Supreme Court stated in *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422 (Tenn. 2011), "[a] Rule 12.02(6) motion challenges only the legal sufficiency of the complaint, not the strength of the plaintiff's proof or evidence." *Id.* at 426. The motion is resolved "by an examination of the pleadings alone." *Id.* (citations omitted). By filing a motion to dismiss, the defendant "admits the truth of all of the relevant and material allegations contained in the complaint, but . . . asserts that the allegations fail to establish a cause of action." *Id.* (citations omitted).

When a complaint is challenged by a Rule 12.02(6) motion, the complaint should not be dismissed for failure to state a claim unless it appears that the plaintiff can prove no set of facts in support of his or her claim that would warrant relief. *Doe v. Sundquist*, 2 S.W.3d 919, 922 (Tenn. 1999) (citing *Riggs v. Burson*, 941 S.W.2d 44, 47 (Tenn. 1997)). Making such a determination is a question of law. Our review of a trial court's determinations on issues of law is de novo, with no presumption of correctness. *Id.* (citing *Stein v. Davidson Hotel Co.*, 945 S.W.2d 714, 716 (Tenn. 1997)).

Appellant argues that the theory of estoppel and detrimental reliance should prevent the dismissal of his case because of the presence of representatives of the Department at various stages of the criminal proceedings. According to Appellant, during the negotiation of his plea agreement and when he paid the restitution in full, the representatives of the Department knew full well that Appellant intended the restitution to compromise and satisfy his individual tax liability.[1] However, in Tennessee, detrimental reliance and estoppel cannot be invoked against the State in the collection of revenues based upon the actions of individuals who work for the Department. *Tennessee Farmers Assurance, Co. v. Chumley*, 197 S.W.3d 767, 779-780 (Tenn. Ct. App. 2006); *Exch. Mut. Ins. Co. v. Olsen*, 667 S.W.2d 62, 63 (Tenn. 1984) (citing *Memphis Shoppers News, Inc. v. Woods*, 584 S.W.2d 196 (Tenn. 1979)). Therefore, Appellant's assertions lack merit.

The trial court concluded that Appellant's criminal guilty plea and payment of restitution "did not bar the Department of Revenue from assessing civil taxes, penalty,

---

[1] The plea agreement exhibited to Appellant's complaint did not reflect this understanding.

and interest against the plaintiff pursuant to Tenn. Code Ann. § 67-1-1443 in the amount of $137,493." We agree. Under Tennessee Code Annotated § 67-1-1443(a),

> Any person required to collect, truthfully account for, and pay over any tax collected from customers of any taxpayer, who willfully fails to truthfully account for and pay over any such tax collected, or who willfully attempts in any manner to evade or defeat any such tax or the payment of those taxes, shall, *in addition to other penalties provided by law*, be liable for the total amount of the tax evaded, or not accounted for and paid over, along with penalties and interest.

Tenn. Code Ann. § 67-1-1443(a) (emphasis added). Criminal restitution certainly qualifies as a penalty provided by law.

Even absent the language of Tennessee Code Annotated § 67-1-1443(a), Appellant's argument fails to recognize that criminal restitution is a separate and distinct remedy from civil liability. Although a criminal court may consider the victim's pecuniary loss in determining the amount of restitution, not all of a victim's damages may be included as restitution. Tenn. Code Ann. § 40-35-304(e) (2014); *see also State v. Irick*, 861 S.W.2d 375, 376-77 (Tenn. Crim. App. 1993) *aff'd*, 906 S.W.2d 440 (Tenn. 1995) ("basing the amount of restitution upon a civil judgment is palpable error because personal injury judgments ordinarily include general damages."). The amount of criminal restitution, unlike civil liability, is also influenced by "the financial resources and future ability of the defendant to pay or perform." Tenn. Code Ann. § 40-35-304(d). As a result, restitution does not "reflect the amount of damages that might be recoverable in a civil action." *People v. Carbajal*, 899 P.2d 67, 71 (Cal. 1995).

Criminal restitution also serves different purposes than civil tax liability. "'The purpose of restitution is not only to compensate the victim but also to punish and rehabilitate the guilty.'" *State v. Bottoms*, 87 S.W.3d 95, 106 (Tenn. Crim. App. 2001) (quoting *State v. Johnson*, 968 S.W.2d 883, 885 (Tenn. Crim. App. 1997)). In addition, criminal restitution acts as a deterrent. *State v. Lewis*, 917 S.W.2d 251, 257 (Tenn. Crim. App. 1995). Taxes, on the other hand, "are usually motivated by revenue-raising, rather than punitive, purposes." *Dep't of Revenue of Mont. v. Kurth Ranch*, 511 U.S. 767, 779-80 (1994).

Finally, Appellant's argument fails to recognize the separate and distinct roles of and procedure applicable to criminal and civil courts. Criminal courts are ill-suited to ascertain civil liability. As acknowledged by our Court of Criminal Appeals, "[d]isposing of civil liability is not the function of the criminal process" and that "civil process is far better suited" for such purposes. *Lewis*, 917 S.W.2d at 257.

### III. CONCLUSION

Based on the provisions of Tennessee Code Annotated §§ 67-1-1443(a) and 40-35-304 and the purposes of criminal restitution, we conclude that the Department may assess unremitted sales and use taxes, interest, and penalties notwithstanding an order of criminal restitution for evasion of the same taxes. We affirm the judgment of dismissal for failure to state a claim. This matter is remanded for further proceedings consistent with this opinion.

_____
W. NEAL MCBRAYER, JUDGE